**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**COVINGTON**

**CIVIL ACTION NO. 26-267-DLB**

**MARIO PAYNE** **PLAINTIFF**

**VS.** **MEMORANDUM OPINION AND ORDER**

**COMMONWEALTH OF KENTUCKY, ET AL.** **DEFENDANTS**

**\*\*\* \*\*\* \*\*\* \*\*\***

State inmate Mario Payne has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  (Doc. # 1).  He has also filed a motion to proceed *in forma pauperis*. (Doc. # 2).  The Court will grant the fee motion for purposes of review.

The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).  At this stage of the case, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor.  *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint Payne alleges that during a court hearing held on August 19, 2024, prosecutor Robert Sanders shouted out the results of Payne's competency evaluation in

open court where numerous members of the public were present.[1]  *See* (Doc. # 1 at 4-5).  Payne sues the Commonwealth of Kentucky and Sanders in his official capacity for damages, claiming violation of unspecified privacy rights, defamation, invasion of privacy, and the intentional infliction of mental anguish.  *See id*. at 1-3.

The Court has thoroughly reviewed the complaint, but concludes that it must be dismissed.  As a preliminary matter, while Payne invokes Section 1983 as the vehicle for his claims, *see id*. at 3, he appears to assert only state law tort claims, not any violation of his federal statutory or constitutional rights.  And his allegations do not plausibly suggest any violation of federal law.  The complaint therefore fails to state a viable claim under Section 1983.

Even assuming a viable constitutional claim, Payne's claim against the Commonwealth of Kentucky itself is squarely barred by the Eleventh Amendment.  *See Ernst v. Rising*, 427 F. 3d 351, 358 (6th Cir. 2005) (*citing Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974)).  Likewise, his claim against Commonwealth's Attorney Sanders in his official capacity is "in fact . . . against the official's office and thus the sovereign itself." *Lewis v. Clarke*, 581 U.S. 155, 162 (2017).  Because this claim is actually asserted against the Commonwealth of Kentucky, it too must be dismissed.  *See Hopper v. Phil Plummer*, 887 F. 3d 744, 760 n.4 (6th Cir. 2018) (noting that an "official capacity" claim against a

---

[1]  Records filed in Payne's state criminal case indicate that the competency evaluation report was issued on February 26, 2025, and a competency hearing was held on April 8, 2025.  Both the evaluator and the state trial judge found Payne competent to stand trial.  *See Commonwealth v. Payne*, No. 24-CR-213 (Kenton Cir. Ct. 2024) (Motion in Limine: Defense Expert Testimony, dated July 1, 2025).  Searchable online Kentucky court records are available at https://kcoj.kycourts.net/CourtNet/Search/Index (last visited June 18, 2026). For purposes of evaluating Payne's complaint, however, the Court accepts the date set forth in the complaint as true.

state official is not a claim against the officer arising out of his or her conduct as an employee of the state, but is actually a claim directly against the state agency which employs them).

Even if the Court were to liberally construe Payne's claims as asserted against Sanders in his individual capacity, they would fail for two reasons. First, "a prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976). Any conduct that is "intimately associated with the judicial phase of the criminal process" is protected. *Id*. at 430-31. The conduct Payne complains of occurred during a court hearing regarding his case and was directly related to a matter being decided by that court – his trial competency. Sanders's conduct is therefore protected by absolute quasi-judicial immunity.

Second, any individual capacity claim would be barred by the applicable statute of limitations. The limitations period for constitutional torts committed in Kentucky is one year. *See* Ky. Rev. Stat. § 413.140(1)(a); *Bonner v. Perry*, 564 F.3d 424, 431 (6th Cir. 2009). The conduct complained of occurred on August 19, 2024; Payne was therefore required to file suit under Section 1983 regarding it by August 19, 2025. Because Payne was not incompetent or of "unsound mind," tolling pursuant to Ky. Rev. Stat. 413.170(1) does not apply. *Cf. Se. Ky. Baptist Hosp., Inc. v. Gaylor*, 756 S.W.2d 467, 469 (Ky. 1988); *Gray v. Lexington-Fayette Urban Cty. Gov't*, No. 5: 13-CV-45-DCR, 2013 WL 3322609, at *8 (E.D. Ky. July 1, 2013). Payne's complaint, filed ten months too late, is time barred and must be dismissed.

Accordingly, it is **ORDERED** as follows:

1.      Plaintiff Mario Payne's motion to proceed *in forma pauperis*, (Doc. # 2), is

**GRANTED**.

2.      Payne's complaint, (Doc. # 1), is **DISMISSED.**

3.      This matter is **STRICKEN** from the docket.

This 18th day of June, 2026.



Signed By:

**David L. Bunning**

**Chief United States District Judge**

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Payne 2-26-267-DLB Memorandum.docx